IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI‘I

| | |
|---|---|
| AGRIFINA CORPUZ QUIANE,<br><br>Plaintiff,<br><br>v.<br><br>WEST PHYSICIANS ASSOCIATES, LLC, *et al*.,<br><br>Defendants. | Case No. 26-cv-00052-DKW-KJM<br><br>**ORDER (1) GRANTING IN PART AND DENYING AS UNNECESSARY IN PART DEFENDANTS' MOTION TO DISMISS; (2) DENYING PLAINTIFF'S MOTIONS FOR TEMPORARY RESTRAINING ORDER, FOR PRELIMINARY INJUNCTION, AND TO COMPEL ARBITRATION; AND (3) DISMISSING CASE WITHOUT LEAVE TO AMEND** |

In a rerun of a lawsuit dismissed just nine days prior to the initiation of this one, Plaintiff Agrifina Quiane, proceeding without counsel, again brings claims alleging a violation of the Federal Arbitration Act (FAA) and the Declaratory Judgment Act (DJA), among others, against an identical list of Defendants, all private individuals or entities with whom Quiane appears to have had a falling out. Unsurprisingly, filing another lawsuit on the heels of the previous one against the same parties with the same claims results in the same outcome: there is no subject matter jurisdiction nor is there any alleged or plausible State action relating to Quiane's purported constitutional claims, mandating both dismissal of

the same and the denial of Quiane's motions for affirmative relief.   Moreover, because Quiane is more than aware of the Court's January 2026 ruling in her prior case and, thus, the deficiencies with her pursuit of relief in this federal forum, dismissal is without leave to amend.

As for Defendants' request for "leave" to file a motion for attorney's fees, such a request is unnecessary.   If Defendants believe a motion for attorney's fees is appropriate upon the entry of judgment, Defendants should follow the applicable Local and Federal Rules of Civil Procedure.   This Court's permission is not needed.

## BACKGROUND

To properly understand the background of this proceeding, the Court begins with the background of another.   On November 20, 2025, Quiane filed a complaint against West Physicians Associates, LLC (WPA), followed by a series of motions for a temporary restraining order and to compel arbitration.   *Agrifina Quiane v. West Physicians Associates, LLC et al.*, Case No. 25-cv-490-DKW-KJM (referred to herein as "the First Case"), Dkt. Nos. 1, 2, 11, 12, 56.   On January 26, 2026, pursuant to a motion to dismiss, the Court dismissed the First Case without leave to amend for a lack of subject matter jurisdiction ("January 2026 Order").   *Id.*, Dkt. No. 62.   The Court explained that the only alleged bases for subject

2

matter jurisdiction were two federal statutes that did not, in fact, independently provide jurisdiction to hear Quiane's claims.   Moreover, because the record clearly reflected that Quiane could not cure this and other identified deficiencies, dismissal was without leave to amend.

Quiane did not challenge the January 2026 Order in any way, such as via appeal.   Instead, just *nine days* later, she initiated a brand new lawsuit—this lawsuit—paid the $405 filing fee, and filed a largely regurgitated Complaint, motion for a temporary restraining order, motion for a preliminary injunction, and motion to compel arbitration (collectively, "the initial filings").   Dkt. Nos. 1, 3-6. The Complaint is brought against WPA, Marcus Realty Group, Ray Romero, Benjamin Gozun, Alfred Ines, and Antonio Cordero (collectively, "Defendants")— the same defendants named in the final iteration of Quiane's pleading in the First Case.   *Compare* Dkt. No. 1, *with* Case No. 25-cv-490-DKW-KJM, Dkt. No. 26.

Liberally construed, the pro se Complaint alleges as follows.   Quiane is a licensed physician and "founding member" of WPA.   Dkt. No. 1 at 7.[1]   WPA operates a "medical practice" in Honolulu, Hawai'i.   *Id*.   Membership in WPA is governed by the "WPA Operating Agreement," which contains a "mandatory and

---

[1]Because the paragraphs of the Complaint are not numbered, the Court uses the page numbers assigned in the top-right corner of the same, *e.g.*, "Page 7 of 13".

exclusive arbitration clause" for "[a]ny controversy or dispute arising out of or relating to [WPA] or the conduct of its Members…." *Id*. at 7-8. At an unalleged point in time, a "dispute" arose between Quiane and "Defendants" concerning, among other things, Quiane's membership in WPA. *Id*. at 8. According to Quiane, she "timely and unequivocally invoked arbitration and demanded that the disputes be resolved through binding arbitration." Despite this, "Defendants refused and continue to refuse to arbitrate" and, instead, they "initiated and pursued state-court proceedings and non-arbitral enforcement actions…." Quiane alleges that she "sought enforcement of the arbitration agreement" in state court, but "litigation was allowed to proceed", resulting in her "eviction, exclusion from the medical practice, denial of access to professional and business records, and loss of economic and professional interests." *Id*. According to Quiane, "Defendants' ongoing refusal to arbitrate constitutes a present and continuing violation of federal law…." *Id*. at 9.

The following claims and relief are brought in the Complaint. First, "[d]eprivation" of the Supremacy and Due Process Clauses of the U.S. Constitution. Second, violation of the Federal Arbitration Act (FAA). Third, declaratory relief related to the "arbitra[bility]" of the parties' dispute under the DJA. Fourth, "prospective injunctive relief" "prohibiting Defendants from

continuing to refuse arbitration…."   Fifth, "abuse of process" under State law.

Finally, "wrongful eviction" under State law.   The Complaint appears to assert

each of these claims against all Defendants.

On February 24, 2026, Defendants WPA, Romero, Gozun, Ines, and

Cordero moved to dismiss the Complaint (collectively, "the Moving Defendants").

Dkt. No. 25.[2]   On the same day, they also filed a consolidated opposition to

Quiane's motions for a temporary restraining order, for a preliminary injunction,

and to compel arbitration.   Dkt. No. 26.   Essentially, the Moving Defendants

make the following arguments.   First, the FAA and the DJA do not provide

subject matter jurisdiction in this case.   Second, the *Rooker-Feldman* doctrine[3]

prevents the exercise of subject matter jurisdiction in this case.   Third, the claims

against Romero, Gozun, Ines, and Cordero should be dismissed for failure to state

a claim.   And, fourth, this Court lacks subject matter jurisdiction over the claims

brought under State law or, alternatively, this Court should decline to exercise

supplemental jurisdiction over the same claims.   The Moving Defendants also

request "leave to file a post-judgment Motion for Attorneys' Fees."   Dkt. No. 25

at 15.   The Court scheduled briefing on the foregoing motions, including allowing

---

[2]Although a purported executed service of summons has been docketed with respect to Marcus Realty Group, Dkt. No. 20, Marcus Realty Group has not appeared in this action to-date.
[3]*Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923); *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

Quiane until March 11, 2026 to file replies in support of her motions and a response to the Moving Defendants' motion to dismiss.   Dkt. No. 27.

On March 11, 2026, Quiane filed a series of documents.   Specifically, another motion to compel arbitration, another motion for temporary and preliminary injunctive relief, a "declaration", a "supplemental memorandum", an "exhibit list", and a "reply in support of federal jurisdiction and in opposition to [the] motion to dismiss".   Dkt. Nos. 28-33.   Because Quiane proceeds without counsel, the Court construed these filings as ones in support of the initial filings or opposition to the motion to dismiss, rather than new requests for relief.   Dkt. No. 36.   Construed as such, Quiane appears to argue as follows.   First, the parties' dispute involves an unidentified federal question.   Dkt. No. 29 at 2. Second, Defendants' breach of the arbitration provision in the WPA Operating Agreement "interferes" with the FAA.   *Id*.   Third, subject matter jurisdiction exists under the FAA and the U.S. Constitution.   Dkt. No. 30 at 3-4; Dkt. No. 31 at 4-6; Dkt. No. 32 at 2, 7-8.   Fourth, subject matter jurisdiction exists because "the underlying dispute between the parties involves enforcement of contractual obligations and federal arbitration law…."   Dkt. No. 31 at 4.   Quiane further

6

asserts that, through this lawsuit, she "seeks enforcement of a binding arbitration clause…."  Dkt. No. 32 at 5.

On March 23, 2026, the Moving Defendants filed a reply in support of their motion to dismiss.  Dkt. No. 39.  With briefing on the pending motions complete, this Order now follows.

## RELEVANT LEGAL PRINCIPLES

The Moving Defendants seek dismissal of this case, in part, under Federal Rule of Civil Procedure 12(b)(1), arguing that subject matter jurisdiction is lacking for various reasons, including a failure to allege federal question jurisdiction under either the FAA or the DJA.

As the Court explained in the January 2026 Order, the Ninth Circuit Court of Appeals has explained that "the FAA does not, on its own, provide a basis for federal question jurisdiction."  *Blue Cross of Cal. v. Anesthesia Care Assocs. Med. Group, Inc.*, 187 F.3d 1045, 1050 (9th Cir. 1999).  Instead, the FAA "provides for an order compelling arbitration only when the federal district court would have jurisdiction over a suit on the underlying dispute; hence, there must be diversity of citizenship or some other independent basis for federal jurisdiction before the order can issue."  *Id.* (quotation marks omitted).  Similarly, "the Declaratory Judgment Act does not by itself confer federal subject-matter jurisdiction," meaning that a

plaintiff must "plead an independent basis for federal jurisdiction." *Nationwide Mut. Ins. Co. v. Liberatore*, 408 F.3d 1158, 1161 (9th Cir. 2005).

When presented with an argument under Rule 12(b)(1), "the district court is ordinarily free to hear evidence regarding jurisdiction and to rule on that issue prior to trial, resolving factual disputes where necessary." *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983). Where the court considers evidence outside the pleadings for this purpose, "[n]o presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Id*. The burden of establishing subject matter jurisdiction falls on the plaintiff—here, Quiane. *Ashoff v. City of Ukiah*, 130 F.3d 409, 410 (9th Cir. 1997).

The Moving Defendants also move under Rule 12(b)(6) for failure to state a claim upon which relief may be granted. Pursuant to *Ashcroft v. Iqbal*, to survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A court "must accept the factual allegations of the complaint as true and construe them in the light most favorable to the plaintiff." *Interpipe Contracting, Inc. v. Becerra*, 898 F.3d 879, 886-887 (9th Cir. 2018) (quotation

8

omitted).   However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.   Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555).   Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

Meanwhile, Quiane moves for a temporary restraining order and/or injunctive relief under Federal Rule of Civil Procedure 65.   "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).[4]

Because Quiane is proceeding pro se, the Court liberally construes her filings. *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987).   With that in mind, "[u]nless it is absolutely clear that no amendment can cure the defect . . . a

---

[4]The standards for a temporary restraining order and a preliminary injunction are substantially the same. *Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001), *overruled on other grounds by Winter*, 555 U.S. at 20.

pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995).   A court, however, may deny leave to amend where, *inter alia*, amendment would be futile.   *E.g.*, *Gardner v. Martino*, 563 F.3d 981, 990 (9th Cir. 2009); *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008).

## DISCUSSION

Because the Moving Defendants challenge Quiane's claims, in part, due to a purported lack of subject matter jurisdiction, the Court begins on that subject.   *See Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430-431 (2007) (explaining that a "federal court generally may not rule on the merits of a case without first determining that it has jurisdiction over the category of claim in suit…."").   More specifically, the Court begins with an issue directly addressed in the January 2026 Order: federal question jurisdiction under the FAA and the DJA.

As Quiane is acutely aware, in order for her to bring a cause of action seeking to compel arbitration under the FAA or the DJA, as she attempts to do here, there must be a basis for subject matter jurisdiction *independent* of the FAA or the DJA.   And, in this context, *independent* means there must be some *other* federal question or "diversity of citizenship" presented.   *Blue Cross of Cal.*, 187

10

F.3d at 1050.   As in the First Case, for perhaps obvious reasons, Quiane does not

contend that "diversity of citizenship" exists here.[5]   This leaves the issue of

whether a federal question beyond the FAA or DJA is present.   To the extent the

Complaint concerns Quiane's "membership rights, governance participation,

access to the medical practice, economic interests, and professional standing within

WPA," Dkt. No. 1 at 8, it is not.   In fact, Quiane does not even mention, let alone

argue, that these issues have a federal basis.   They clearly do not.

Instead, in her briefing, Quiane contends that the parties' dispute concerns

Defendants' "refusal to submit to arbitration" and "breaching a contractual

obligation…."   Dkt. No. 32 at 2.   First, that is not the parties' *underlying* dispute.

It is, at best, one that arose *after* the parties' original falling-out over Quiane's

"membership rights", among other things.   Second, even if a breach of contract

was the relevant, underlying dispute between the parties, that too is not a *federal*

issue.   Third, even if the "refusal to submit to arbitration" was also a relevant

dispute, as explained, arbitration *alone* does not provide an *independent* basis for

---

[5]In that regard, the Complaint alleges that Quiane is a resident of Hawaiʻi.   Dkt. No. 1 at 3.   No allegations regarding the citizenship of the named Defendants is provided, however, beyond stating that WPA is a "medical practice in Hawaiʻi."   *Id*. at 4.   Therefore, Quiane clearly has not met her burden of establishing diversity of citizenship here.   *See Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009) (explaining that diversity jurisdiction exists only "where the citizenship of each plaintiff is different from that of each defendant."); *Ashoff*, 130 F.3d at 410.

11

federal question jurisdiction.   Therefore, however viewed, Quiane has clearly

failed to provide a basis for federal question jurisdiction.

Unlike the First Case, in which the operative complaint did not allege any

constitutional claim, here, Quiane purports to assert claims under the U.S.

Constitution against the Defendants.   If plausibly alleged, these could provide a

basis for federal question jurisdiction.   Here, though, no such claim is plausibly

alleged for at least one straightforward reason.   Specifically, in the Complaint,

Quiane brings claims under the Due Process Clause of the Fifth Amendment and

the Supremacy Clause of Article VI of the U.S. Constitution, Dkt. No. 1 at 10,

while adding, for good measure, a reference to the First Amendment in her briefing

on the motion to dismiss, Dkt. No. 32 at 8.   All of these provisions, however,

require the action of a *State* or the federal government, something which is clearly

lacking here given that *all* Defendants are *private* individuals or companies.   *See*

*Lorillard Tobacco Co. v. Reilly*, 533 U.S. 525, 540-541 (2001) (explaining when

"[s]tate action may be foreclosed" under the Supremacy Clause); *Roberts v. AT&T*

*Mobility LLC*, 877 F.3d 833, 837 (9th Cir. 2017) (explaining that First Amendment

freedoms are "a guarantee only against abridgment by the government," and, thus,

"state action is a necessary threshold" a plaintiff must cross) (citations and brackets

omitted); *Castillo v. McFadden*, 399 F.3d 993, 1002 n.5 (9th Cir. 2005) ("The Fifth

Amendment prohibits the federal government from depriving persons of due

process, while the Fourteenth Amendment explicitly prohibits deprivations without

due process by the several States….").   Nor, given the allegations here, which, at

most, amount to allegations of a contractual breach, could Quiane allege that the

private Defendants somehow engaged in a form of State action.   *See Manhattan

Cmty. Access Corp. v. Halleck*, 587 U.S. 802, 804 (2019) (explaining that a private

entity "may be considered a state actor when it exercises a function traditionally

exclusively reserved to the State.") (citation omitted).   Therefore, all of her

purported constitutional claims are subject to dismissal.[67]

Quiane is further not entitled to leave to amend.   As the Background set

forth above indicates, this action is essentially the continuation of the First Case.

Quiane has, therefore, had more than ample opportunity, whether considered

singularly or collectively, through the same lawsuits to allege both a basis for

subject matter jurisdiction and an actionable claim.   She has failed at every turn.

Moreover, the alleged facts <u>clearly</u> indicate that this case has no place in *federal*

court because this is an alleged dispute involving non-federal issues between non-

---

[6]As a result, there is no basis, and/or the Court declines, to exercise supplemental jurisdiction over the alleged violations of State law.   *See* 28 U.S.C. §§ 1367(a), 1367(c)(3).

[7]Quiane is also, therefore, not entitled to any form of injunctive relief.   *See Winter*, 555 U.S. at 20; *Wielgos v. Idaho Bd. of Land Comm'rs*, 2016 WL 3640609, at *3 (D. Idaho June 29, 2016) ("Clearly, a district court may not grant a preliminary injunction if it lacks subject matter jurisdiction over the case before it.").

diverse and non-governmental individuals or entities.   Amendment will not change this.

As a result, dismissal is without leave to amend.   The claims brought under the FAA and the DJA (Claims Two and Three of the Complaint) are dismissed without prejudice.   *See Tijerino v. Stetson Desert Project, LLC*, 934 F.3d 968, 971 n.2 (9th Cir. 2019) ("in general, dismissal for lack of subject matter jurisdiction should be without prejudice.").   The claim brought under the U.S. Constitution (Claim One) is dismissed with prejudice for failure to state a claim.   The claims brought under State law (Claims Five and Six) are dismissed without prejudice. *See Watison v. Carter*, 668 F.3d 1108, 1117 (9th Cir. 2012) (explaining that, when a court declines to exercise supplemental jurisdiction over state law claims, dismissal should be "without prejudice.") (emphasis omitted).[89]

The final matter is the Moving Defendants' request for "leave to file a post-judgment" motion for attorney's fees and costs.   Dkt. No. 25-1 at 15.   This request is UNNECESSARY and DENIED as such.   If the Moving Defendants

---

[8]In the Complaint, Claim Four, titled as "prospective injunctive relief", is not a standalone claim, but rather a request for relief that incorporates the other claims as its basis.   *See* Dkt. No. 1 at 11. Accordingly, it is unnecessary to further address Claim Four other than to note that all other claims have been dismissed, and Quiane's motions for injunctive relief have all been denied.
[9]To the extent any claim is specifically asserted against Defendant Marcus Realty Group, which is far from clear, the Court's rulings herein apply equally to said Defendant.   Thus, so the record is clear, dismissal is with respect to <u>all</u> Defendants.

14

believe they are entitled to attorney's fees and/or costs, they may move for the same in accordance with any applicable statute and/or local or federal rule of civil procedure, such as Local Rule 54.2.   Thus, while the Court takes no position on any such belief or entitlement to such relief at this time, the Court's permission is unnecessary to seek such relief.

## CONCLUSION

For the foregoing reasons, the motion to dismiss, Dkt. No. 25, is GRANTED IN PART and DENIED AS UNNECESSARY IN PART.   To the extent set forth herein, the Complaint is DISMISSED WITHOUT LEAVE TO AMEND, both WITH and WITHOUT PREJUDICE.   The motion for a temporary restraining order, motion for preliminary injunction, and motion to compel arbitration, Dkt. Nos. 3-5, are DENIED.

After entry of this Order, the Clerk is instructed to enter Judgment.

IT IS SO ORDERED.

DATED: April 10, 2026 at Honolulu, Hawai'i.



Derrick K. Watson
Chief United States District Judge

15